UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD PALMER, ROSE SIMPSON, JERRY CROCKETT, and JAMES HARRIS, each individually and on behalf of a class of persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF EDUCATION OF COMMUNITY UNIT SCHOOL DISTRICT 201-U, Will County, Illinois, MICHAEL E. STALLINGS, JOHN EBNER, KENNETH D. SCHMITT, JOHN W. RITCHIE, RANDALL G. FARMER, DONNA L. SWANSTROM, PEG KALLIO, each individually, BRUCE SETCHELL, individually and as Business Manager of the Board of Education of COMMNITY UNIT SCHOOL DISTRICT 201-U, and JACK SLAYBAUGH, individually and as Superintendent of COMMUNITY UNIT SCHOOL DISTRICT 201-U, and CLARA H. WOODWARD, WILL COUNTY CLERK,<br><br>Defendants. | No. 90 C 7049<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed this federal civil rights lawsuit twenty-five years ago in December 1990, alleging that the at-large election scheme used to select representatives to Defendant Board of Education of Community Unit School District 201-U violated Section 2B of the Voting Rights Act of 1965 by diluting the opportunity for members of the plaintiff class to elect representatives of their choice. On July 27, 1993, I issued an order finding that the at-large scheme of election violated Section 2B of the Voting Rights Act of 1965. This order also required the parties to work cooperatively to set up boundaries for a district form of representation and conduct a public

1

hearing regarding these boundaries. On December 29, 1993, subsequent to the public hearing, I issued an order that divided the school district into seven single-member districts for Board election purposes and amended the schedule for the next election.

Roughly two decades later, Heather van Cleave Farquhar filed a Verified Complaint for Mandamus in December 2012 in Will County Circuit Court, State of Illinois, alleging that the Board of Community Unit School District 201-U did not reapportion the districts and place all board offices up for election from the reapportioned districts after the 2000 decennial census as required by Section 9-22 of the Illinois School Code. *See* 105 ILCS 5/9-22 (requiring reapportionment of districts after each decennial election as needed). Specifically, Farquhar requested that the office for District 1 be placed for election.

Farquhar's suit was removed to federal court on the basis of my 1993 orders, but dismissed for lack of federal jurisdiction on March 25, 2013. The state trial court then granted summary judgment in favor of the School District Defendants, finding that only I could interpret whether my 1993 orders—neither of which referenced Section 9-22 of the School Code— required the Board to comply with Section 9-22.

Presently before me is Farquhar's petition for leave to intervene under Rule 24. Because it was untimely filed, I am denying Farquhar's petition. Rule 24 provides two avenues for intervention, either of which must be pursued by a timely motion. *See Heartwood, Inc. v. U.S. Forest Serv.*, 316 F.3d 694, 701 (7th Cir. 2003). "The timeliness requirement forces interested non-parties to seek to intervene promptly so as not to upset the progress made toward resolving a dispute." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 797 (7th Cir. 2013). Courts look to four factors to determine whether a motion is timely: (1) the length of time the intervenor knew or should have known of his interest in the case, (2) the prejudice

caused to the original parties by the delay, (3) the prejudice to the intervenor if the motion is denied, and (4) any other unusual circumstances. *Grochocinski*, 719 F.3d at 797-98. Here, the length of time between this petition and the original judgment date—well over 20 years—combined with the prejudice to the original parties by such a long delay easily overpowers any prejudice to Farquhar and renders her attempted intervention untimely.

Intervention under these circumstances is also inappropriate because Section 9-22 of the Illinois School Code played an insignificant role in my 1993 orders. If Farquhar wants to challenge the Board of Education's current election practices, she should file a new lawsuit. If there is a federal basis for this claim and it is assigned to me by random draw, I will hear the case and decide it based on the current state of events rather than two decades of school district history.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: March 24, 2015